**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ROBERT H. AJAMIAN,

                 Plaintiff,

    v.                                                  No. 14-CV-320 (GTS/CFH)

KINAN NIMEH, Stock Broker at
GunnAllen Financial, Arbitration,
13-02183,

                 Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

ROBERT H. AJAMIAN
Plaintiff, Pro Se
30 Eberle Road
Latham, New York 12110

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Robert H. Ajamian ("Ajamian"). Compl. (Dkt. No. 1). Ajamian has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. Nos. 2, 5–6, 9, 12–14.

**I. Discussion**

**A. Application to Proceed IFP**

Ajamian has submitted an IFP Application. Despite the absence of a properly

completed IFP application before the Court, due to significant efforts made by Ajamian, coupled with a review of the information provided therein, the Court finds that Ajamian may properly proceed with this matter IFP.

### B. Allegations in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Ajamian asserts that defendant Nimeh, a stock broker, violated his constitutional rights by placing non-conservative trades using his retirement account between March 2005 and September 2011, which resulted in a $30,000.00 loss. Compl. at 2–4. Ajamian contends that he is entitled to treble damages, or $90,000.00. Id. For a more complete statement of Ajamian's claims, reference is made to the complaint.

In drafting the complaint, Ajamian utilized a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573

(S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Ajamian's § 1983 action should be dismissed for multiple reasons. First, Ajamian fails to state a cognizable cause of action for which relief can be granted. It is unclear to the Court what civil or constitutional rights were allegedly violated since Ajamian fails to specify the nature of such rights. Ajamian only alleges that defendant failed to make conservative trades on his behalf. Furthermore, the named defendant Nimeh is not asserted to have acted under the color of state law. See, e.g., Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); Wise v. Battistoni, No. 92-CV-4288 (PKL),1992 WL 380914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).[1] State action is an essential element of any § 1983 claim. See Gentile v. Republic Tobacco Co., No. 95-CV-1500 (RSP)(DNH), 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing Velaire v. City of Schenectady, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted)). There is no allegation that Nimeh acted under color of state law with regard to the stock trades. As such, § 1983 is not the proper vehicle through which Ajamian could seek judicial review of his claims. Accordingly, to the extent Ajamian seeks to remedy a constitutional violation through § 1983, the complaint fails to state a cause of action to which relief can be granted and should be dismissed.

Ajamian also asserts that Nimeh violated his rights under "U.S. civil statutes 22 A.L.R. 5th 261, 152 A.L.R. Fed. 1." Compl. at 1. Reliance on either authority is misplaced. Both

---

[1] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

3

references are not to federal statutes but to American Law Reports articles, the former concerns statutes on assaults motivated by hate crimes and ethnic intimidation while the latter discusses governmental actions that constitute "reverse discrimination." 152 A.L.R. FED. 1 (1999); 22 A.L.R. 5th 261 (1994). The complaint is devoid of any factual allegations concerning these legal issues. Therefore, despite Ajamian's conclusory statements, he has failed to state a claim in citing these articles.

It is well established that a federal court is obligated to notice on its own motion the basis for its own jurisdiction; thus, the Court must examine whether diversity jurisdiction exists. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte). Ajamian asserts the following claims, "breach of fiduciary duty, misrepresentation/non-disclosure, activity suitability, unauthorized trading, breach fo contract, error charges, failure to supervise, margin calls, negligence, criminal misrepresentation, fraudulent concealment . . . ." Compl. at 1. Thus, the Court considers whether it has subject matter jurisdiction under 28 U.S.C. § 1332, which confers diversity jurisdiction.

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  For purposes of diversity jurisdiction, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements:  "(1) physical presence in a state and (2) the intent to make the state a home."  See Zimak Co. v. Kaplan, No. 98-CV-3176(DAB)NRB., 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).  Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the "Parties" section of the complaint and civil cover sheet, Ajamian lists that he is a resident of Albany, New York and Nimeh is located in Melville, New York.  Even if the amount in controversy is set at $90,000.00, thus meeting the amount in controversy requirement, Ajamian has failed to satisfy the domicile requirement for purposes of diversity jurisdiction.  Accordingly, where the domicile requirement is unmet, diversity jurisdiction does not exist and the Court lacks subject matter jurisdiction to consider the action.  When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Thus, dismissal of this action may be warranted.

To the extent Ajamian seeks to bring criminal charges against Nimeh, Ajamian lacks a cognizable right in that regard.  It is well-settled law in this Circuit that there is no constitutional right to have criminal wrongdoers prosecuted.  See Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.3d 81, 86–87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government, not by . . . private citizens.").

5

Lastly, attached to Ajamian's complaint is a "FINRA [("Financial Industry Regulatory Authority")] dispute resolution claim information tracking form" dated July 19, 2013, which indicates that a claim was filed against Nimeh, to be resolved through arbitration proceedings. Compl. at 5–8. While Ajamian does not refer to a FINRA arbitral award in his complaint, allege specifics facts surrounding the circumstances of an arbitral award, request specific judicial action on such an award, or attach the award to his complaint, it appears that Ajamian filed a claim with FINRA for arbitration proceedings to resolve disputes against Nimeh. Furthermore, Ajamian alludes to an arbitration proceeding by inserting an arbitration number in the caption of his complaint. Compl. at 1. In light of his pro se status, the Court recommends that Ajamian be afforded an opportunity to amend his complaint to make clear this cause of action. Ajamian should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and defendant, to assess whether a meritorious action is stated.

## II. Amendment

In sum, Ajamian's complaint in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Ajamian's pro se status, this Court recommends that prior to dismissing this action, Ajamian be directed to amend his complaint to provide clearer details regarding his claim. Ajamian is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678

6

(citations omitted). Specifically, Ajamian is directed to draft a complaint which Ajamian have to <u>allege</u> <u>specific</u> <u>facts</u> sufficient to plausibly state that the FINRA arbitration award, if it exists, merits judicial review.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. Nos. 12–14)[2] is **GRANTED**;[3] and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction; and it is further

**RECOMMENDED** that alternatively, in light of plaintiff's <u>pro</u> <u>se</u> status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to amplify the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen

---

[2] Plaintiffs' pending letter motions and exhibits (Dkt. Nos. 12–14) were filed in support of his IFP application, which was first filed on March 24, 2014 (Dkt. No. 2).

[3] Plaintiff should note that although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

7

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 22, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge