UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT H. AJAMIAN,

                              Plaintiff,

                                                          1:14-CV-0320
v.                                                        (GTS/CFH)

KINAH NIMEH, Stock Broker at
Gunn Allen Financial, Arbitration
13-02183,

                              Defendant.
_____

APPEARANCES:

ROBERT H. AJAMIAN
Plaintiff *Pro Se*
30 Eberle Rd
Latham, New York 12110


HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in the above-captioned civil rights action filed by Robert H.

Ajamian ("Plaintiff") against the above-captioned Defendants, is United States Magistrate

Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Complaint be

dismissed pursuant to 28 U.S.C. §1915 and §1915A for failure to state a claim but otherwise

granting Plaintiff leave to submit an amended complaint.  (Dkt. No. 15.)   Plaintiff has not filed

an objection to the Report-Recommendation and the deadline in which to do so has expired.

(*See generally* Docket Sheet.)  Instead, Plaintiff has filed a proposed amended complaint.  For

the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted

and adopted in its entirety.  In addition, Plaintiff's proposed amended complaint is denied and

this action is dismissed with prejudice.  Further, Plaintiff is directed to show cause, within thirty

(30) days of this Decision and Order, as to why he should not be barred from filing any future

*pro se* documents or motions in this action without first obtaining leave of the Court.

## I.      Report-Recommendation

When *no* objection is made to a report-recommendation, the Court subjects that report-

recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes:

1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*;

*see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1.  (S.D.N.Y. July 31, 1995)

(Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which

no specific objection is made, so long as those sections are not facially erroneous.") (internal

quotation marks and citations omitted).

Here, based upon a review of this matter, the Court can find no error with Magistrate

Judge Hummel's Report-Recommendation, clear or otherwise.  (Dkt. No. 15.)  Magistrate Judge

Hummel employed the proper standards, accurately recited the facts, and reasonably applied the

law to those facts.  (*Id.*)  Further, Magistrate Judge Hummel's Report-Recommendation would

survive even a *de novo* review.  As a result, the Report-Recommendation is accepted and

adopted in its entirety for the reasons stated therein.

## II.     Proposed Amended Complaint

Ostensibly pursuant to Magistrate Judge Hummel's recommendation that this Court grant

Plaintiff leave to file an amended complaint, Plaintiff prematurely filed a proposed amended

complaint, but did so by insisting that it be treated as a separate action.  *(See Ajamian v. Gunn*

*Allen Fin., et al.*, 1:14-CV-1211 [DNH/ATB].)  As Magistrate Judge Andrew T. Baxter

observed, that complaint adds a defendant, adds facts and changes the basis for Plaintiff's

allegation of jurisdiction. (*See id.*, Dkt. No. 5) However, because that complaint is "challenging

the same conduct by the same defendant at the same time as the complaint in [this action],"

Magistrate Judge Baxter closed the separate action and directed that the complaint filed therein

be filed as a proposed amended complaint in this action. (*See id.*, Dkt. No. 5.) Therefore, the

Court will review Plaintiff's proposed amended complaint to determine whether a meritorious

claim is stated, which would allow the action to go forward.

As an initial matter, it is important to note that Plaintiff filed an exact copy of the

original complaint in this action in the United States District Court for the District of Columbia

on June 10, 2014, which was thereafter transferred to the Eastern District of New York. *See*

*Ajamian v. Nimeh*, 2:14-CV-4093(JS/GRB). On September 26, 2014, the District Judge in that

case dismissed Plaintiff's claims without prejudice and granted Plaintiff leave to file an amended

complaint within thirty days of the filing of the Order. *See Ajamian v. Nimeh*, No. 14-CV-409,

2014 WL 4828884, at *4 (E.D.N.Y. Sept. 26, 2014). Specifically, the Order states that "[i]f

Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be

DISMISSED WITH PREJUDICE." *Id.* (emphasis in original). Plaintiff having not filed an

amended complaint in that action within the time allowed, his claims have been dismissed with

prejudice. For this reason, the Court finds that the proposed amended complaint in this action is

futile because Plaintiff is estopped from pursuing his claims under the doctrine of *res judicata*.

> Under the doctrine of *res judicata*, or claim preclusion, a final
> judgment on the merits of an action precludes the parties or their
> privies from relitigating issues that were or could have been raised in
> that action. Thus, the doctrine bars later litigation if an earlier
> decision was (1) a final judgment on the merits, (2) by a court of
> competent jurisdiction, (3) in a case involving the same parties or
> their privies, and (4) involving the same cause of action.

*EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal

citations and quotation omitted).

> A dismissal with prejudice has the effect of a final adjudication on
> the merits favorable to defendant and bars future suits brought by
> plaintiff upon the same cause of action.  Such a dismissal
> constitutes a final judgment with the preclusive effect of *res
> judicata* not only as to all matters litigated and decided by it, but as
> to all relevant issues which could have been but were not raised
> and litigated in the suit.

*Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986) (internal citations and quotation omitted).

Consequently, Plaintiff's claims in his original complaint as well as those in the

proposed amended complaint are precluded under the doctrine of *res judicata*.  *See Nemaizer*,

793 F.2d, at 61.  For this reason, Plaintiff's proposed amended complaint is denied and this

action is dismissed without prejudice.

## III.    Appropriateness of Bar Order

A review of Plaintiff's litigation history on the Federal Judiciary's Public Access to

Court Electronic Records ("PACER") Service reveals that, over the past year, Plaintiff has filed

nine *pro se* civil actions (including this one) in two different federal district courts.[1]  Eight of

these nine actions, including the current action, have been dismissed based on pleading

---

[1]      *See Ajamian v. State of New York*, No. 13-CV-1316, Complaint (N.D.N.Y. filed
Oct. 23, 2013) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al*, No.
14-CV-0306, Complaint (N.D.N.Y. filed Mar. 21, 2014) (*pro se* civil rights action); *Ajamian v.
Morgan Stanley Smith Barney, et. al*, No. 14-CV-0319, Complaint (N.D.N.Y. filed Mar. 24,
2014) (*pro se* civil rights action; *Ajamian v. Nimeh*, No. 14-CV-0320, Complaint (N.D.N.Y. filed
Mar. 24, 2014) (*pro se* civil rights action); *Ajamian v. Zakarian*, No. 14-CV-0321, (N.D.N.Y.
2014) (current action barred by *res judicata*); *Ajamian v. Nimeh*, No. 14-CV-4093, (E.D.N.Y.
2014) (*pro se* civil rights action); *Ajamian v. Zakarian*, No. 14-CV-1127, Complaint (N.D.N.Y.
filed Sept. 15, 2014) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al*,
No. 14-CV-1204, Complaint (N.D.N.Y. filed Oct. 1, 2014) (*pro se* civil rights action); *Ajamian
v. Nimeh*, No. 14-CV-1211, Complaint (N.D.N.Y. filed Oct. 3, 2014) (*pro se* civil rights action).

deficiencies or procedural failures.[2]  In addition, Plaintiff has filed four appeals in civil actions.[3]

While two of those appeals are pending, two have been dismissed based on lack of merit.[4]

Based on Plaintiff's litigation history, the Court finds that (1) Plaintiff lacks a good-faith

expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed

incorrigible when proceeding *pro se*, (3) he has caused needless expense to other parties and

placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that

no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the

Court and other parties.

---

[2]	*See Ajamian v. State of New York*, No. 13-CV-1316, Judgment (N.D.N.Y. filed August 11, 2014) (dismissing with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Morgan Stanley Smith Barney, et. al*, No. 14-CV-0306, Judgment (N.D.N.Y. filed May 28, 2014) (dismissing with prejudice for failure to state a claim ); *Ajamian v. Morgan Stanley Smith Barney, et. al*, No. 14-CV-0319,Text Order (N.D.N.Y. filed Mar. 26, 2014) (terminated action as duplicative of 14-CV-306); *Ajamian v. Nimeh*, No. 14-CV-0320 (N.D.N.Y. 2014) (current action barred by res judicata); *Ajamian v. Zakarian*, No. 14-CV-0321, Judgment (N.D.N.Y. filed Aug. 26, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Nimeh*, No. 14-CV-4093, Memorandum & Order (E.D.N.Y. filed Sept. 26, 2014) (dismissed with prejudice for failure to state a claim); *Ajamian v. Morgan Stanley Smith Barney, et. al*, No. 14-CV-1204, Judgment (N.D.N.Y. filed Oct. 30, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Nimeh*, No. 14-CV-1211, Judgment (N.D.N.Y. filed Oct. 9, 2014) (closed and ordered that complaint be filed as proposed amended complaint in 14-CV-320).

[3]	*See Ajamian v. Morgan Stanley Smith Barney, LLC*, No. 14-2212, Notice of Appeal (2d Cir. filed June 4, 2014); *Ajamian v. State of New York*, No. 14-2934, Notice of Appeal (2d Cir. filed Aug. 15, 2014); *Ajamian v. Zakarian*, No. 14-3432, Notice of Appeal (2d Cir. filed Sept. 2, 2014); *Ajamian v. Morgan Stanley Smith Barney*, 14-CV-1204, Notice of Appeal to 2d Cir. (N.D.N.Y. filed Nov. 3, 2014).

[4]	*See Ajamian v. Morgan Stanley Smith Barney, LLC*, No. 14-2212, Order (2d Cir. filed Sept. 24, 2014) (dismissing appeal for lack of arguable basis in law or fact); *Ajamian v. State of New York*, No. 14-2934, Order (2d Cir. filed Oct. 22, 2014) (dismissing appeal for lack of arguable basis in law or fact) (motion for reconsideration pending).

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers*, 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Because of his history of filing unmerited and indeed vexatious lawsuits, including the current action, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous documents or motions in this action by him in the future. As a result, Plaintiff is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this action, any documents or motions without prior leave of the Court, pursuant to 28 U.S.C. §

6

1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

Further, in the event Plaintiff fails to show such cause, this case will be forwarded to Chief United States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti-Filing Injunction Order be issued against Plaintiff, which would prohibit Plaintiff from filing, in the Northern District of New York, any action *pro se* (that is, without counsel) without first obtaining leave of the Court.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's proposed amended complaint (Dkt. No. 32) is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** with prejudice; and it is further

**ORDERED** that **<u>Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future *pro se* documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this action, any document or motion *pro se* (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.</u>**

Dated:  November 13, 2014
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

7